UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONGKOL MUAY THAI CORPORATION,<br><br>                  Plaintiff,<br><br>  v.<br><br>JG (THAILAND) COMPANY LIMITED,<br><br>                  Defendant. | Case No. 22-cv-00506-BAS-KSC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT UNDER RULE 4(f)(2)(C)(ii) AND RULE 4(f)(3)**<br><br>**[ECF No. 20]** |

Plaintiff Mongkol Muay Thai ("Mongkol") moves, *ex parte*, for an order directing the Clerk of Court to serve Defendant JG (Thailand) Company Limited ("JG") under Federal Rule of Civil Procedure ("Rule") 4(f)(2)(C)(ii) and/or authorizing alternative service using email pursuant to Rule 4(f)(3). (Ex Parte App., ECF No. 20.) For the reasons herein, the Court **GRANTS IN PART** and **DENIES IN PART** Mongkol's Application. (ECF No. 20.)

**I.      BACKGROUND**

In this action, Mongkol alleges that JG, a Thai corporation headquartered in Bangkok, has been infringing upon two of its trademarks since approximately April 2021. (Compl. at p. 4.) Mongkol commenced this action on April 13, 2022. (*See generally id.*)

After filing the Complaint, Mongkol did not effect service for over 90 days, prompting the Court to order Mongkol to show cause why the action should not be dismissed for failure to prosecute. (ECF No. 4.) On October 10, 2022, Mongkol filed proof of service in the form of a declaration from its former attorney, Hunter Hoestenbach, Esq. (Hoestenbach Decl., ECF No. 5.) Hoestenbach attested that he served JG by having the Complaint and Summons hand delivered to JG's owner, president, and managing director, Surachate Piromkit, under Rule 4(f)(2)(C)(i). (*Id.* at 1–2.) He also averred that he effected alternative service by email to Piromkit and JG's former attorney, Joseph Chu, Esq., pursuant to Rule 4(f)(3). (*Id.* at 2.)

Still, JG did not respond to the Complaint or appear in the action. Mongkol, therefore, requested entry of default by the Clerk of Court pursuant to Rule 55(a) (ECF No. 14), which the Clerk of Court entered on March 27, 2023 (ECF No. 15). Mongkol then moved for default judgment. (ECF No. 16.) However, the application made no attempt to address several essential requirements for default judgment to enter, so the Court summarily denied it without prejudice as incomplete. (ECF No. 17.)

On June 26, 2023, Mongkol renewed its motion for default judgment. (ECF No. 18.) But the Court concluded Mongkol's application still was defective because it failed to demonstrate valid service. (Order, ECF No. 19.) Specifically, the Court determined that Mongkol could not effect service pursuant to Rule 4(f)(2)(C)(i) because JG is a foreign corporation. (*Id.* at 7:10–14 ("Rule 4(f)(2)(i), therefore, is unavailable to Mongkol as a method of service under the plain language of Rule 4(h)(2), because JG is a Thai corporation, which Mongkol sought to serve outside of the United States.").) Furthermore, because Mongkol effected "alternative service" without first seeking leave of court to do so, as required by Rule 4(f)(3), Mongkol's email service, too, was invalid. (*Id.* at 7:15–9:6.) The Court, therefore, denied Mongkol's second motion for default judgment and ordered it to either "file[] proof of service under one of the permitted bases of Rule 4(f)(1) or (2), or move ex parte for permission to serve JG by email under Rule 4(f)(3)." (*Id.* at 9:18–20.)

On August 24, 2023, Mongkol moved ex parte for an order (1) directing the Clerk of Court to assist it in effecting service of the Complaint and Summons in accordance with Rule 4(f)(2)(C)(ii), or, alternatively, (2) granting Mongkol leave to effect alternative service upon Piromkit by email pursuant to Rule 4(f)(3).  (*See generally* Ex Parte App.)  Mongkol's new attorney, Robert P. Cogan, Esq., avers that "JG has been elusive": he has been unable to reach JG since Hoestenbach's last communication with Piromkit during the summer of 2022.  (*Id.* at 2:17–18.)

Later that same day, Chu filed his own response to the Ex Parte Application. (Chu's Response, ECF No. 21; Chu Decl., ECF No. 21-1.)  He requests that the Court (1) impose Rule 11 sanctions on the ground Cogan misrepresents Chu's involvement as JG's attorney in this matter and (2) deny Mongkol's request for leave.  (*See id.*)

## II.    DISCUSSION

Under Rule 4(h)(2), if a corporation is served outside any judicial district of the United States, it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except under (f)(2)(C)(i)."  Rule 4(f) permits service on an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, at a place not within any judicial district of the United States, by one of three means.  *See* Fed. R. Civ. P. 4(f)(1)–(3).  Of the methods Rule 4(f) permits, it "does not denote any hierarchy or preference of one method of service over another." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Mongkol seeks to effect service under two of the Rule 4(f) methods:  (1) Rule 4(f)(2)(C)(ii) and Rule 4(f)(3).  The Court addresses the propriety of both modes of service below, in turn.

Rule 4(f)(2)(C)(ii):  Rule 4(f)(2)(C)(ii) provides, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," an individual may be served "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," unless such service is "prohibited by the foreign country's laws[.]"  While it is easily verified that Thailand is not a signatory

to the Hague Convention,[1] Mongkol fails to demonstrate for this Court that the law of Thailand does not prohibit service by mail that requires signature. The Ex Parte Application is completely silent on this requisite element of Rule 4(f)(2)(C)(ii) service, yet it is Mongkol's burden to establish the method of service he seeks to employ is not prohibited by the law of Thailand. *Cf. Haas v. Chaiyaphakdiphon*, No. 2:12-cv-01309-LDG (CWH), 2013 WL 783046, at *1 (D. Nev. Feb. 28, 2013) ("Service by one of the means outlined in Rule 4(f)(2)(C) is appropriate 'unless prohibited by the foreign country's law.' Haas's application fails to establish the law of Thailand does not prohibit service by mail that requires a signed receipt."). And while this Court's own survey disclosed an out-of-district decision in which the court authorized service upon a Thai company pursuant to Rule 4(f)(2)(C)(ii), *Rice v. Electrolux Home Prods., Inc.*, No. 4:15-CV-0371, 2018 WL 4964076, at *6 (M.D. Pa. Oct. 15, 2018), that decision contains no discussion about the law of Thailand. It addresses only whether an international agreement forbids service by mail that requires signature. Hence, because Mongkol sheds no light upon the law of Thailand, an order directing the Clerk of Court to serve JG by mail requiring signature would rest on infirm ground.

Accordingly, the Court **DENIES** Mongkol's request to the extent he seeks to effect service under Rule 4(f)(2)(C)(ii).

Rule 4(f)(3): Rule 4(f)(3) permits service on an individual located abroad "by other means not prohibited by international agreement, as the court orders." *Cf. Rio Props.*, 284 F.3d at 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention, referenced in Rule 4(f)(1)."). The Ninth Circuit has determined that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief,'" *Id.* at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows*, 199 F.R.D. 22, 23 (D.

---

[1] *See* Status Table: Hague Convention, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing contracting states to the Hague Convention)

Me. 2001)), and is available "without first attempting service by other means." *Id.* (referring to advisory committee notes to Rule 4(f)). However, the moving party must show "that the facts and circumstances of the . . . case necessitate[] the district court's intervention." *Id.* at 1016 (finding alternative means of service was necessary because defendant was "elusive" and "striving to evade service of process").

As mentioned above, Thailand is not a signatory to the Hague Convention. *See, e.g.*, *Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Uninc. Assocs. Identified on Sch. A to the Compl.*, 23 Civ. 612 (JHR), 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023) (concluding Thailand is not a signatory to the Hague Convention and, "[t]hus, service by electronic means is permitted for the . . . [d]efendants located in . . . Thailand"). Thus, Mongkol's request for alternative service by email is amply supported by case law. *See Rio Props., Inc.*, 284 F.3d at 1016 (recognizing that under Rule 4(f)(3) "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."); *see also Enovative Techs, LLC v. Leor*, 662 F. App'x 212, 214 (4th Cir. 2015) (affirming district court's grant of alternative service by electronic mail to defendant located in Thailand); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (finding alternative service by email upon foreign entity defendant located in Thailand not prohibited by international agreement and authorizing such service under Rule 4(f)(3)). The Court, therefore, finds Mongkol has identified a permissible alternative method of service under Rule 4(f)(3).

But even if the alternative method of service that a plaintiff seeks is facially permitted by Rule 4(f)(3), the proposed method must nevertheless comport with constitutional notions of due process. *Rio Props., Inc.*, 284 F.3d at 1016. This requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane*

*v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). If a plaintiff fails to show that the alternative method of service comports with due process, then a court should deny authorization of that method.

Mongkol has shown that service on JG through electronic mail to Piromkit, is reasonably calculated to apprise JG of this litigation. The record reflects that Piromkit is JG's owner, founder, and president. (Hoestenbach Decl. at 2–3.) Moreover, Piromkit self-disclosed his email address to Mongkol's owner, founder, and president, Phakapan Salao. (*Id.* (attesting that Piromkit provided his email address to Mongkol's owner, founder, and president, Phakapan Salao, in a Facebook personal message).) This provides a degree of assurance that electronic mail sent to that account will reach Piromkit. *Cf. In re Three Arrows Capital, Ltd.*, 647 B.R. 440, 456 (Bankr. S.D.N.Y. 2022) (directing alternative service via email where record reflected the foreign defendants self-disclosed their email addresses for the purpose of fielding pre-suit, informal discovery); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *4 (S.D. Fla. Sept. 14, 2015) (finding service via email to foreign defendants' publicly disclosed email addresses to be "reasonably calculated" to apprise defendants of the action).

Accordingly, the Court grants Mongkol's request to effect email service upon JG under Rule 4(f)(3).

Chu's Response: When it comes to opposing Mongkol's request for leave to serve JG, Chu has no horse in the race. As Chu repeatedly emphasizes in his response and supporting declaration, he is neither a party to this action nor representing JG in this case. (*See* Chu's Response at 1:5–6 ("I am neither a party to this lawsuit nor do I represent any party in this lawsuit."), 2:25–27 ("[M]y firm, JCIP, was <u>never</u> retained by Defendant to represent Defendant in the dispute between the parties." (emphasis in original)), 2:28–3:1 ("Defendant has specifically instructed our firm not to be involved in the matter at all."), 3:17–19 ("[O]ur firm does not represent Defendant in this matter. Defendant does not want JCIP involved in the instant matter at all."), 3:10–11 ("I was never retained by

Defendant to represent it in this matter and thus I do not represent Defendant."); Chu Decl. ¶ 4 ("[M]y firm was never retained by Defendant to represent Defendant in the dispute between Plaintiff and Defendant." (emphasis added)).) Furthermore, Mongkol does not seek to effectuate service of JG through Chu. Nevertheless, Mongkol avers the Ex Parte Application should be denied because Cogan failed to meet-and-confer with him before moving.[2] (*See* Chu's Response at 1:7–9.) That argument holds water only if Chu is JG's attorney or authorized agent for service, which he declares under penalty of perjury he is not. (*See* Chu Decl. ¶ 4.) Hence, the Court disposes of this segment of Chu's Response.

Chu also seeks monetary compensation of $2,470 as sanctions for two "material misrepresentations" in Mongkol's Ex Parte Application and the supporting Cogan Declaration.[3] Specifically, Chu avers Cogan mischaracterized Chu's relationship with JG respecting the instant action and misrepresented that Chu offered to provide JG with a copy of the Ex Parte Application. The Court summarily denies this request because Chu's "motion" for sanctions fails to comply with the procedural requirements of Rule 11, which require, among other things, that "[a] motion for sanctions must be made *separately from any other motion*." Fed. R. Civ. P. 11(c)(2). Chu did not even move for sanctions under Rule 11; instead, he nestles his request in a "Response" to Mongkol's Ex Parte Application. This is procedurally improper.

If Chu wishes to proceed with a Rule 11 motion, he must describe the legal basis that purportedly enables him to so move, particularly given that the majority view

---

[2] Whatever obligation Mongkol had to alert JG—who has yet to appear for over a year—before submitting its Ex Parte Application, the Court finds contacting Chu sufficed it. Chu does not dispute the allegations in the Complaint that he represented JG before this action commenced, when it faced the same accusations of infringement from Mongkol that form the basis of the Complaint. (Compl. at p. 5.) Indeed, in October 2021, Chu responded on behalf of JG to Mongkol's claims of infringement. (*Id.* (alleging that Chu contacted Mongkol's counsel in October 22, 2021, to dispute the notion that the trademarks at issue were likely to be confused and that JG's trademark is an infringing one).) Thus, informing Chu of its intent to bring its Ex Parte Application amounts to a "good faith attempt" to inform JG. *See* Civ. L.R. 83.g.2.

[3] Chu reaches that figure by multiplying his hourly rate of $475 by 5.2, the number of hours he spent preparing his Response. (Chu's Response at 4:6–13.)

appears to be that nonparties lack standing to pursue sanctions. *See, e.g.*, *New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992); *Nyer v. Winterthur Int'l*, 290 F.3d 456, 459–60 (1st Cir. 2002) ("As a general rule, non-parties to a case may not bring a motion for sanctions pursuant to Rule 11," except "[i]n limited circumstances"); *id.* at 460 ("[I]ndividuals that are either explicitly discussed in a complaint or entities that are indirectly implicated by a complaint's allegations may not intervene in the litigation for the sole purpose of seeking Rule 11 sanctions." (citing *Kheel*, 972 F.2d at 488–89)).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mongkol's Ex Parte Application to the extent he requests the Clerk of Court to effect service under Rule 4(f)(C)(2)(ii), but **GRANTS** Mongkol leave to effect service upon JG through electronic mail to Piromkit's email address under Rule 4(f)(3). The Court further **ORDERS** Mongkol to file proof of service **by no later than September 6, 2023**.

**IT IS SO ORDERED.**

**DATED: August 29, 2023**

Hon. Cynthia Bashant
United States District Judge

- 8 -

22cv00506