UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONGKOL MUAY THAI CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JG (THAILAND) COMPANY LIMITED,<br><br>　　　　　　　　　　Defendant. | Case No. 22-cv-0506-BAS-KSC<br><br>**ORDER**<br>　**1. GRANTING PLAINTIFF'S AMENDED *EX PARTE* MOTION TO EXTEND TIME TO SERVE (ECF No. 29), and**<br>　**2. DENYING PLAINTIFF'S *EX PARTE* MOTION TO EXTEND TIME TO SERVE (ECF No. 28)** |

　　　Before the Court is Plaintiff Mongkol Muay Thai Corporation's ("Plaintiff" or "Mongkol") *Ex Parte* Application for an Order Extending Time to Serve Defendant. (ECF No. 29.) Plaintiff initiated this action in April of 2023—almost a year ago—and the Clerk of Court issued a summons the same day. (ECF Nos. 1, 2.)

　　　Under Federal Rule of Civil Procedure ("Rule") 4(h)(2), if a corporation is served outside any judicial district of the United States, it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except under (f)(2)(C)(i)." Rule 4(f) permits service on an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, at a place not within any judicial district of the United States, by one of three means. *See* Rule 4(f)(1)–(3). Under Rule 4(f)(3), this Court previously

ordered Plaintiff to complete service of process via email by no later than September 6, 2023. (ECF No. 22.) The same day as the publication of the Order, Plaintiff's counsel served Defendant via email with its complaint but not the summons. (ECF No. 23.)

For a court to exercise power over a party the complaint names as defendant, the plaintiff must complete service of process, which requires service of the summons as well as the complaint. *See* Rule 4(c)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A named defendant is not required to take action as a defendant until "service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." 526 U.S. at 350. Here, Plaintiff's original attempt at service of process failed because Plaintiff served Defendant with only the complaint and not the summons, thus failing to bring Defendant to the action. (ECF No. 23.)

Now, nearly six months after the expiration of this Court's deadline for service of process and after a change of counsel, Mongkol requests an additional extension to complete service of process by email, as was required by this Court's Order and Rule 4(f). (ECF Nos. 22, 29.)

Upon considering Mongkol's *ex parte* application and the relevant four-factor equitable test, the Court finds Plaintiff failed to timely act due to its counsel's excusable neglect. *See* Rule 6(b); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (enumerating the four-factor equitable test for determining excusable neglect); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) ("[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."). Thus, the Court retroactively extends the time period for Plaintiff to file proof of service of both the complaint *and* the summons. However, considering the speed and ease of electronic mail, the Court will not grant Plaintiff's request to extend the deadline to May 1, 2024.

Instead, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Mongkol's Amended *Ex Parte* Motion for Extension of Time to Serve Defendant and **ORDERS** Mongkol to file proof of service of the summons and the complaint by **no later than March 8, 2024**. (ECF No. 29.) Mongkol's original *Ex Parte* Motion for Extension of Time is hereby **DENIED** as moot. (ECF No. 28.)

**IT IS SO ORDERED.**

**DATED: March 4, 2024**

Hon. Cynthia Bashant
United States District Judge